UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLOS E. V., | Case No. 26-cv-1618 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff Kandiyohi County*, | |
| Respondents. | |

Petitioner Carlos E. V. is a native and citizen of Honduras who entered the United States in 2006. ECF No. 1 ¶ 14. Carlos E. V. was arrested by immigration officials in Minnesota on January 30, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 17, 25. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 35. Carlos E. V. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶¶ 17, 35.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Carlos E. V. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Carlos E. V. raises the same legal issues and largely requests the same relief granted in the Court's previous cases; namely, an order requiring immediate release or a bond hearing. *See* ECF No. 1 at 19.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Carlos E. V.'s Petition for Writ of Habeas Corpus (ECF No. 1) on or before **Monday, March 2, 2026**, certifying the true cause and proper duration of Carlos E. V.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Carlos E. V.'s detention in light of the issues raised in his Petition;

      b.      A reasoned memorandum of law and fact explaining the Government's legal position on Carlos E. V.'s claims;

      c.      A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

      d.      The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Carlos E. V. intends to file a reply to the Government's answer, he must do so on or before **Thursday, March 5, 2026**;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order; and

5. The Government is **ORDERED** not to move Carlos E. V. outside of the District of Minnesota during the pendency of these proceedings, so that he may consult with his counsel and participate in this litigation while the Court considers his Petition.

Dated: February 25, 2026        *s/Laura M. Provinzino*
Time: 9:24 a.m.        Laura M. Provinzino
      United States District Judge

---

[1] The Court reserves the right to grant the Petition before Carlos E. V. files his reply brief if the Government's answer plainly demonstrates that Carlos E. V. is entitled to relief.