# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

CARLOS E. V.,

        Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S.
Department of Homeland Security*;
TODD M. LYONS, *Acting Director of
Immigration and Customs Enforcement*;
DAVID EASTERWOOD, *Acting
Director, St. Paul Field Office,
Immigration and Customs Enforcement*;
and ERIC TOLLEFSON, *Sheriff,
Kandiyohi County*,

        Respondents.

Case No. 26-cv-1618 (LMP/DJF)

**ORDER**

M. Boulette, **Boulette Law**, Minneapolis, MN, for Petitioner.

Anthony P. Barrows, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Carlos E. V. is a native and citizen of Honduras who entered the United States in 2006. ECF No. 1 ¶ 14. Carlos E. V. was arrested by immigration officials in Minnesota on January 30, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). *See id.* ¶¶ 17, 25. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 35. Carlos E. V. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to

discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶¶ 17, 35.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Carlos E. V. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to respond to the petition no later than March 2, 2026, and to offer any material distinctions between this case and the cases that this Court has already decided.[1] ECF No. 4.

The Government responded that this case *is* materially distinguishable from the Court's previous cases because, the Government asserts, Carlos E. V. is subject to the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(E)(ii). *See generally* ECF No. 5. That provision states that the Government shall take into custody any noncitizen who "is

---

[1]    The Government submitted a Form I-200 Warrant for Arrest dated January 30, 2026. ECF No. 6-6.

charged with, is arrested for, is convicted of, admits having committed, or admits committing," among other offenses, "any crime that results in death or serious bodily injury to another person," when the noncitizen "is released" from criminal custody.  8 U.S.C. § 1226(c)(1)(E)(ii).  A noncitizen taken into immigration custody pursuant to this provision "must be detained without a bond hearing while their removal proceedings are pending." *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *6 (E.D. Pa. Nov. 19, 2025); *see Calderon v. Noem*, No. 2:25-cv-2136-LK-TLF, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025) (noting that "noncitizens who have committed one of certain listed offenses" are "subject to mandatory detention"); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 270 (D. Mass. 2025) (noting that "Section 1226(c) is the sole exception" to the otherwise discretionary detention framework of Section 1226).

The Government asserts, and Carlos E. V. does not contest, that on January 29, 2026, Carlos E. V. was arrested in South St. Paul, Minnesota, on suspicion of first-degree assault based on reports that he stabbed someone.  *See generally* ECF Nos. 6-2, 6-3, 6-4, 6-5. Based on investigative reports the Government provided, officers recovered a pocketknife with blood on it that matched the description Carlos E. V. gave.  ECF No. 6-3 at 2.  The victim of the assault needed medical treatment at Region's Hospital.  ECF No. 5 at 2; ECF No. 6-5 at 2.

Carlos E. V. was initially taken to the Dakota County Jail.  ECF No. 6-2 at 2.  The very next day, on January 30, 2026, ICE agents took Carlos E. V. into custody from the Dakota County Jail, ECF No. 6-1 at 2, and, at some point, transported him to the Kandiyohi County Jail, ECF No. 1 ¶ 8.  ECF No. 6-1 at 2.  Carlos E. V. has remained in ICE custody

while his removal proceedings are ongoing.  *See* ECF No. 6-7; ECF No. 5 at 2.  As a result, says the Government, Carlos E. V. is "arrested for" a crime involving a "serious bodily injury," triggering the mandatory detention provisions of Section 1226(c).  ECF No. 5 at 2.

Carlos E. V. concedes that he was "arrested for" a crime involving a "serious bodily injury to another person."  *See generally* ECF No. 8; Minn. Stat. § 609.221, subd. 1.  But Carlos E. V. argues that even if Section 1226(c) justified his initial detention, it can no longer serve as a basis for mandatory detention because a decision has been made "not to charge him."  ECF No. 8 at 2.  Indeed, the Government contacted county prosecutors (at some point after Carlos E. V. filed this habeas petition), and they indicated the county "most likely would not be pursuing charges, due to lack of cooperation by the injured party."  ECF No. 5 at 3.  Carlos E. V. asserts that, as a result, Section 1226(c) no longer applies because "[i]f charges are never brought, if the case is dismissed, or if the non-citizen is acquitted, the justification for detention ends."  ECF No. 8 at 2–3 (citing *Helbrum v. Williams,* No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *5 (S.D. Iowa Sep. 30, 2025) (holding that after charges are dismissed it is no longer accurate to say that a person "is charged with" theft (present tense) and because the Petitioner's theft charge was dismissed with prejudice (past tense), he is not subject to mandatory detention).

But 8 U.S.C. § 1226(c)(1)(E)(ii) requires the Government to detain a noncitizen who "is arrested for" a qualifying offense, "without regard to whether the alien may be arrested or imprisoned again for the same offense."  This suggests that the ultimate disposition of

4

an arrest is irrelevant.[2]  But the Court need not even reach that issue.  As other courts have recognized, 8 U.S.C. § 1226(c)(1)(E)(ii) requires the detention of a noncitizen who "is" (present tense) "arrested for" a qualifying offense.  *Helbrum*, 2025 WL 2840273, at *5. That status is determined at the time that a noncitizen is "take[n] into custody" by federal immigration officials.   8  U.S.C.  §  1226(c)(1); *see Selvin Adonay E. M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4 (D. Minn. Nov. 12, 2025) (determining whether a noncitizen is subject to discretionary or mandatory detention based on his status "at the time of his arrest").

Here, Carlos E. V. was arrested in South St. Paul and taken to the Dakota County Jail on January 29, 2026, and on the following day taken from the Dakota County Jail and into ICE custody.  ECF No. 6-1 at 2; ECF No. 6-2 at 2.  Therefore, Carlos E. V. moved directly from criminal custody to immigration custody, so "Petitioner was remanded to federal immigration custody, and not simply released by state authorities."  *Calderon v. Noem*, No. 2:26-cv-00352-BAT, 2026 WL 507683, at *4 (W.D. Wash. Feb. 24, 2026). Accordingly, at the moment that Carlos E. V. was taken into immigration custody, he "is"

---

[2]      Indeed, that is how the Ranking Member of the statute's committee of jurisdiction understood the statute.  *See* 171 Cong. Rec. H280 (daily ed. Jan. 22, 2025) (statement of Rep. Jamie Raskin) (noting that 8 U.S.C. § 1226(c)(1)(E)(ii) subjects to "mandatory detention not just undocumented people who have been convicted of theft, shoplifting, and other criminal offenses . . . but people who have been simply charged with such offenses or arrested for such offenses, even if the charges are dropped or even if they are never filed in the first place").  Congress's "awareness of and 'failure to heed' the objection of the bill's opponents" lends support to the Government's interpretation of the statute.  *Wiley v. Fleet Farm LLC*, 799 F. Supp. 3d 860, 889–90 (D. Minn. 2025) (quoting *Booth v. Churner*, 206 F.3d 289, 299 n.9 (3d Cir. 2000)).

(present tense) "arrested for" an offense that subjects him to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii).[3]

In sum, to determine whether 8 U.S.C. § 1226(c)(1)(E)(ii) applies to Carlos E. V., the Court looks to his present status at the moment when he is "take[n] into [ICE] custody." 8 U.S.C. § 1226(c)(1). At that point in time, Carlos E. V. had the status of a noncitizen who "is arrested for" a crime resulting in serious bodily injury. *See Rueda Torres v. Francis*, 25 Civ. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (recognizing that mandatory detention may be appropriate under 8 U.S.C. § 1226(c)(1)(E)(ii) "immediately following an arrest"). As a result, the Government has put forth a valid basis for subjecting Carlos E. V. to the mandatory detention provisions of Section 1226(c)(1)(E)(ii). The Court must therefore deny his petition.[4]

---

[3]    Carlos E. V. also overreads the statement provided by the Government as to the status of the criminal proceedings. The Government informs the Court that a county prosecutor stated that the county "most likely would not be pursuing charges, due to lack of cooperation by the injured party." ECF No. 5 at 3. That does not suggest, as Carlos E. V. implies, that he "will not" be charged. ECF No. 8 at 3–4. At best, it implies that the county has made an initial determination—one required within 36 hours after arrest in Minnesota—that it will not file charges at this time. Minn. R. Crim. P. 4.02, subd. 5(1).

[4]    This is not a case where Carlos E. V. is challenging whether he is inadmissible under 8 U.S.C. § 1182(a)(7) or whether he is the person referenced in the South St. Paul Police reports who is arrested for first-degree assault, which is a crime that results in death or serious bodily injury to another person. This is also not a case like *Helbrum*, 2025 WL 2840273, at *5, where the Petitioner's theft charge was dismissed with prejudice. No charges have been brought against Carlos E. V., and it is uncertain if they ever will be.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Carlos E. V.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 18, 2026                         *s/Laura M. Provinzino*
                                                   Laura M. Provinzino
                                                   United States District Judge