# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CARLOS E. V.,

      Petitioner,

v.

TODD BLANCHE, *Acting Attorney General*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff, Kandiyohi County*,

      Respondents.[1]

Case No. 26-cv-1618 (LMP/DJF)

**ORDER DENYING PETITIONER'S RULE 60(B) MOTION**

---

Emeric J. Dwyer and Matthew Peter Yost, **Chestnut Cambronne PA, Minneapolis MN**; and M. Boulette, **Boulette Law**, **Minneapolis, MN**, for Petitioner.

Anthony P. Barrows, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Carlos E. V. filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus on February 24, 2026, alleging that he was unlawfully detained by Respondents (the "Government"). ECF No. 1 ¶¶ 17, 35. The Court denied the petition on March 18, 2026, concluding that Carlos E. V. was lawfully detained under 8 U.S.C. § 1226(c)(1)(E)(ii),

---

[1]   The successors to Pamela Bondi, Kristi Noem, and Todd M. Lyons are substituted pursuant to Federal Rule of Civil Procedure 25(d).

which mandates the detention of any noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing," among other offenses, "any crime that results in death or serious bodily injury to another person." ECF No. 9 at 6. On June 2, 2026, Carlos E. V. moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). ECF No. 13. The Government timely responded, ECF No. 18, and Carlos E. V. timely replied, ECF No. 20. Because Carlos E. V. has not shown entitlement to relief under Rule 60(b), the Court denies his motion.

## BACKGROUND

On January 29, 2026, Carlos E. V. was arrested in South St. Paul, Minnesota, on suspicion of first-degree assault based on reports that he stabbed someone. *See generally* ECF Nos. 6-2, 6-3, 6-4, 6-5. While Carlos E. V. was initially taken to the Dakota County Jail, ECF No. 6-2 at 2, Dakota County released him into the custody of Immigration and Customs Enforcement ("ICE") officials the very next day, ECF No. 6-1 at 2.

At the time Carlos E. V. filed his petition, ECF No. 1, he was in ICE custody at the Kandiyohi County Jail. *See* ECF No. 1 ¶ 8. Carlos E. V. asserted, however, that ICE had no lawful basis to detain him. ECF No. 1 ¶ 53. The Government asserted that Carlos E. V. was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) because he had been arrested on suspicion of assault. ECF No. 5 at 2. The Court agreed, reasoning that a noncitizen's amenability to detention under 8 U.S.C. § 1226(c)(1)(E)(ii) "is determined at the time that a noncitizen is taken into custody by federal immigration officials." ECF No. 9 at 5 (citation omitted) (internal quotation marks omitted). Because Carlos E. V. was taken into ICE custody directly from the Dakota County Jail, he was presently "arrested

2

for" a qualifying offense at the time he was taken into federal immigration custody. *Id.* at 5–6. The Court accordingly denied Carlos E. V.'s petition. *Id.*

On June 2, 2026, Carlos E. V. moved for relief from judgment under Rule 60(b), pointing to two "extraordinary circumstances." ECF No. 13. First, Carlos E. V. asserts that he is no longer subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) because assault charges were never filed and, instead, on May 19, 2026, state authorities cited him for disorderly conduct, a misdemeanor which does not trigger 8 U.S.C. § 1226(c)(1)(E)(ii). ECF No. 14 at 8. Second, Carlos E. V. points to a preliminary injunction entered in a class action lawsuit in the Central District of California, an injunction which Carlos E. V. argues "stays the policies under which ICE has claimed authorization to detain" him. ECF No. 14 at 8; *see Immigr. Ctr. for Women & Child. v. Noem* ("*ICWC*"), No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). Carlos E. V. argues that because he has a pending U-visa application, he is a member of the *ICWC* class and is entitled to release. ECF No. 14 at 11.

The Government responded, arguing that the injunction entered in *ICWC* is invalid and, in any event, does not "automatically compel release, bar proceedings, or grant relief from removal." ECF No. 18 at 4–7. The Government further argues that 8 U.S.C. § 1226(c)(1)(E)(ii) continues to justify Carlos E. V.'s detention, because "[d]owngraded charges have no bearing on [Carlos E. V.'s] detention and should not compel this Court to revisit this settled matter." *Id.* at 8.

3

## ANALYSIS

A court may relieve a party from final judgment for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[2] Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation omitted). Consequently, Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Carlos E. V. first argues that he is no longer subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) because after being detained by ICE, Dakota County decided not to pursue assault charges against him. ECF No. 14 at 6. But as the Court explained in its March 18, 2026 order denying habeas relief, the determination whether to detain Carlos E. V. under 8 U.S.C. § 1226(c)(1)(E)(ii) is made "at the time that [he] is taken into custody by federal immigration officials." ECF No. 9 at 5 (citation omitted) (internal quotation marks omitted). Dakota County's subsequent decision to downgrade the charges

---

[2]     Carlos E. V. also invokes Rule 60(b)(5), which allows relief from the judgment when applying a judgment "prospectively is no longer equitable." ECF No. 14 at 7–9. Rule 60(b)(5) is inapplicable here. The Eighth Circuit has explained that the portion of Rule 60(b)(5) that Carlos E. V. relies upon applies to orders like injunctions and consent decrees because those orders involve the "supervision of changing conduct or conditions." *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) (citation omitted). Rule 60(b)(5), however, does not apply to orders that are "final and permanent" like money judgments and dismissal orders. *See id.* (quoting *Gibbs v. Maxwell House,* 738 F.2d 1153, 1155–56 (11th Cir. 1984)). Carlos E. V. seeks relief from the Court's judgment of dismissal, ECF No. 14 at 1, which is not "prospective" under Rule 60(b)(5), *Morrison*, 147 F.3d at 762; *see also Oetting v. Norton for Green Jacobson, P.C.*, No. 4:13-CV-1148-SNLJ, 2018 WL 339306, at *2 (E.D. Mo. Jan. 8, 2018). The Court therefore focuses only on Carlos E. V.'s request for relief under Rule 60(b)(6).

4

against Carlos E. V. does not impact the Government's decision to detain him under 8 U.S.C. § 1226(c)(1)(E)(ii), which the Government was entitled to do at the time he was taken into immigration custody. *Id.* at 6. Carlos E. V.'s contrary argument merely seeks reconsideration of the Court's prior legal conclusions, which is not a proper basis for Rule 60(b) relief. *Broadway*, 193 F.3d at 990.

That leaves Carlos E. V.'s second argument: that he is a member of the *ICWC* class and is entitled to release because *ICWC* "stays the policies under which ICE has claimed authorization to detain" him. ECF No. 14 at 8. To resolve that argument, a brief comment on the policies at issue in *ICWC* is in order.

In 2021, ICE instructed agency personnel to refrain from immigration enforcement against individuals with pending U-visa applications (the "2021 Directive"). *ICWC*, 2026 WL 1455004, at 6. Unless "exceptional circumstances" applied, ICE was to "defer" enforcement until United States Citizenship and Immigration Services ("USCIS") adjudicated the U-visa petition. *Id.* In 2025, however, ICE rescinded the 2021 Directive and eliminated the presumption of protection from immigration enforcement for U-visa petitioners and replaced it with a presumption of enforcement, subject to narrow limitations (the "2025 Guidance"). *Id.* The 2025 Guidance also allegedly refused to honor USCIS grants of deferred action to noncitizens with pending U-visa petitions and instead effectively revoked those grants of deferred action by pursuing immigration enforcement actions against such persons. *Id.* at *7.

On May 20, 2026, the court in *ICWC* held on a motion for a preliminary injunction that the 2025 Guidance was arbitrary, capricious, and contrary to law under the

5

Administrative Procedure Act. *Id.* at *34–39. The court preliminarily certified three classes, two of which are relevant here: (1) individuals with pending U-visa petitions whom "ICE detains or seeks to detain for civil immigration enforcement"; and (2) individuals who had been granted deferred action based on a pending U-visa petition whom "ICE detains, seeks to detain, or removed without providing notice and an opportunity to be heard regarding potential revocation of their deferred action status." *Id.* at *46–47. Pursuant to 5 U.S.C. § 705, the court then stayed the 2025 Guidance as applied to those classes. *Id.* at *47.

Carlos E. V. argues that he falls within two classes certified in *ICWC* because he has a pending U-visa petition and received a grant of deferred action from USCIS in 2022. ECF No. 14 at 4. He further reasons that his arrest by ICE and subsequent detention occurred only because of the 2025 Guidance, which is now stayed by *ICWC*. *Id.* at 8. Accordingly, in Carlos E. V.'s view, his release is required because the "policies authorizing [his] detention have been stayed." *Id.* at 9.

That argument is a bit of a stretch. Assume this Court agrees with *ICWC*'s holding and finds the 2025 Guidance arbitrary, capricious, and contrary to law. That would mean that the 2021 Directive would remain in effect, given that the 2025 Guidance was promulgated to rescind the 2021 Directive. *ICWC*, 2026 WL 1455004, at 6; *see Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (explaining that the effect of invalidating an agency policy is to reinstate the policy previously in force).

What Carlos E. V. does not acknowledge, though, is that immigration enforcement against U-visa petitioners was not forbidden under the 2021 Directive. Rather, the 2021

6

Directive allowed immigration enforcement against U-visa petitioners in "exceptional circumstances." *ICWC*, 2026 WL 1455004, at 6. Carlos E. V. seems to imply that no exceptional circumstances would have warranted his arrest and detention under the 2021 Directive. No evidence or argument supports that assertion, and, in fact, his arrest for assault may well have furnished "exceptional circumstances" for immigration officials to detain him, notwithstanding his pending U-visa petition. *See* 2021 Directive at 3 (explaining that "exceptional circumstances" for immigration enforcement may exist when a noncitizen "poses an articulable risk of death, violence, or physical harm to any person").[3] Carlos E. V.'s argument that he would not have been arrested and detained but for the now-stayed 2025 Guidance is purely speculative, which is insufficient to merit habeas relief, *see Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025), let alone relief under Rule 60(b)(6), *see Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).").

To be clear, the Court is not deciding whether Carlos E. V.'s pending U-visa petition and deferred action affects the Government's authority to detain him. Carlos E. V. himself never raised such a claim.[4] All the Court decides is that Carlos E. V. is not entitled to

---

[3]    The 2021 Directive may be found at https://www.ice.gov/doclib/foia/policy/ 11005.3_UsingVictimCenteredApproachNoncitizenVictims.pdf [https://perma.cc/EK4S-9USH].

[4]    In reviewing Carlos E. V.'s petition, the Court notes that Carlos E. V. never asserted the fact that he was a U-visa petitioner at all or that he had received deferred action. *See generally* ECF No. 1.

release merely by virtue of the stay entered in *ICWC*. Nothing precludes Carlos E. V. from filing a new habeas petition raising claims on his own behalf like those raised by the plaintiffs in *ICWC*.

## CONCLUSION

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Carlos E. V.'s Rule 60(b) Motion for Relief From the Judgment (ECF No. 13) is **DENIED**.

Dated: July 27, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge